UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA C. AGUILAR,<br><br>    Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>    Defendant. | Case No. EDCV 08-1233-OP<br><br>MEMORANDUM OPINION; ORDER |

The Court[1] now rules as follows with respect to the disputed issue listed in the Joint Stipulation ("JS").[2]

///

///

---

[1] Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before the United States Magistrate Judge in the current action. (See Dkt. Nos. 9, 10.)

[2] As the Court advised the parties in its Case Management Order, the decision in this case is being made on the basis of the pleadings, the Administrative Record, and the Joint Stipulation filed by the parties. In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g).

# I.
# DISPUTED ISSUES

As reflected in the Joint Stipulation, the disputed issues which Plaintiff raises as the grounds for reversal and/or remand are as follows:

1. Whether the ALJ properly determined that Plaintiff could perform the work of a hand packer;
2. Whether the ALJ properly considered the severity of Plaintiff's mental impairment; and
3. Whether the ALJ properly considered the consultative examiner's findings.

(JS at 3.)

# II.
# STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "more than a mere scintilla" but less than a preponderance. Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971); Desrosiers v. Sec'y of Health & Human Servs., 846 F.2d 573, 575-76 (9th Cir. 1988). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (citation omitted). The Court must review the record as a whole and consider adverse as well as supporting evidence. Green v. Heckler, 803 F.2d 528, 529-30 (9th Cir. 1986). Where evidence is susceptible of more than one rational interpretation, the Commissioner's decision must be upheld. Gallant v. Heckler, 753 F.2d 1450, 1452 (9th Cir. 1984).

## III.
## **DISCUSSION**

**A.  The ALJ's Findings and Residual Functional Capacity ("RFC") Assessment.**

The ALJ found that Plaintiff had the following severe impairments: impairment of the musculoskeletal system, from obesity and from diabetes mellitus.  (AR at 285.)  He found, however that these did not meet or equal a listing.  (Id. at 286.)

The ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform a range of medium work as follows:  able to lift and carry fifty pounds occasionally and twenty-five pounds frequently; able to stand and walk for six hours, and sit for six hours during an eight-hour workday; can occasionally climb; can frequently balance, stoop, kneel, crouch and crawl; <u>must avoid concentrated exposure to extreme cold and heat</u>; must avoid concentrated exposure to fumes, odors, dusts, gases, poor ventilation, and other respiratory irritants; and can perform unskilled, entry level, object-oriented, non-public work.  (Id. at 287 (emphasis added).)

The ALJ also found that:

> According to the <u>Dictionary of Occupational Titles</u>, the job of packer is an unskilled (SVP 2) position performed at the medium exertional level (DOT#: 920.587-018) and information provided by the claimant suggests she performed this job consistent with the way it is performed nationally (see Exhibit 5-E, p.2).  In comparing the demands of the claimant's past jobs with her residual functional capacity, I conclude she is capable of returning to her past relevant work both as this job is generally performed and as she actually performed it.

(Id. at 290.)

3

**B.      Plaintiff's Past Relevant Work.**

    **1.      Background.**

Plaintiff contends that the ALJ improperly determined that she can perform her past relevant work as a packer. (JS at 3-5, 6.) Specifically, Plaintiff argues that according to the Dictionary of Occupational Titles ("DOT"),[3] a Packager, Hand (DOT 920.587-018) requires an employee to be around extreme heat on a frequent basis, i.e., such a condition exists from 1/3 to 2/3 of the time. (Id. at 4); see also DOT No. 920.587-018 (Fourth Ed., Revised 1991), 1991 WL 687916. Because the ALJ found that Plaintiff must avoid concentrated exposure to extreme heat, and the job as generally performed in the national economy requires such exposure, Plaintiff contends she is precluded from performing the duties of a Hand Packager, and the case should be reversed or remanded.

    **2.      Analysis.**

At step-four of the sequential evaluation process, a claimant must establish that her severe impairment or impairments prevent her from doing past relevant work. Pinto v. Massanari, 249 F.3d 840, 844 (9th Cir. 2001). The regulations explain the step-four evaluation: "If we cannot make a decision based on your current work activity or on medical facts alone, and you have a severe impairment(s), we then review your residual functional capacity and the physical

---

[3] The DOT, along with its supplementary Selected Characteristics of Occupations Defined in the DOT, contains relevant information concerning various types of work as well as detailed descriptions of the skills, tasks, and conditions involved in most jobs in the economy. Madrigal v. Sullivan, 917 F.2d 1307 (9th Cir. 1990). The Secretary routinely relies on these publications in determining the skill level of a claimant's past work, and in evaluating whether the claimant is able to perform other work in the national economy. See Villa v. Heckler, 797 F.2d 794, 798 (9th Cir. 1986 ("The Secretary may rely on the general job categories of the [*DOT*], with its supplementary *Selected Characteristics*, as presumptively applicable to a claimant's prior work.")

and mental demands of the work you have done in the past.  If you can still do this kind of work, we will find that you are not disabled." 20 C.F.R. §§ 404.1520(e); 416.920(e).  The claimant has the burden of showing that she can no longer perform her past relevant work.  20 C.F.R. §§ 404.1520(e), 416.920(e); Clem v. Sullivan, 894 F.2d 328, 331-32 (9th Cir. 1990).  Although the burden of proof lies with the claimant, the ALJ still has a duty to make the requisite factual findings to support his conclusion.  Pinto, 249 F.3d at 844-45; see also Henrie v. U.S. Dept. of Health & Human Serv., 13 F.3d 359 (10th Cir. 1993) (recognizing the tension created between the mandate of SSR 82-62 and the claimant's burden of proof, and finding that the ALJ's duty is one of inquiry and factual development while the claimant continues to bear the ultimate burden of proving disability).

In order to determine whether a claimant has the residual functional capacity to perform her past relevant work, the ALJ must evaluate the work demands of the past relevant work and compare them to the claimant's present capacity.  Villa, 797 F.2d at 797.  Social Security Ruling ("SSR")[4] 82-62 states that a determination that a claimant has the capacity to perform a past relevant job must contain among the findings the following specific findings of fact:  (1) a finding of fact as to the claimant's residual functional capacity; (2) a finding of fact as to the physical and mental demands of the past job or occupation; and (3) a finding of fact that the claimant's residual functional capacity permits her to return to the past job or occupation.  See SSR 82-62; see also Pinto, 249 F.3d at

---

[4] Social Security Rulings are issued by the Commissioner to clarify the Commissioner's regulations and policies.  Bunnell v. Sullivan, 947 F.2d 341, 346 n.3 (9th Cir. 1991).  Although they do not have the force of law, they are nevertheless given deference "unless they are plainly erroneous or inconsistent with the Act or regulations."  Han v. Bowen, 882 F.2d 1453, 1457 (9th Cir. 1989).

844-45.

A finding that a claimant is able to return to her past relevant work must be based on adequate documentation and a careful appraisal. Dealmeida v. Bowen, 699 F. Supp. 806, 807 (N.D. Cal. 1988) ("Without the proper foundation as to what plaintiff's past relevant work entailed, the ALJ's subsequent determination that plaintiff retained the residual functional capacity to perform that job is not supported by substantial evidence."). This determination requires a careful appraisal of the claimant's statements, the medical evidence, and, in some cases, corroborative information such as the DOT. SSR 82-62. Adequate documentation must be obtained to support the decision, including "factual information about those work demands which have a bearing on the medically established limitations." Id. Thus, "[d]etailed information about . . . mental demands and other job requirements must be obtained as appropriate." Id.; see Sivilay v. Apfel, 143 F.3d 1298, 1299 (9th Cir. 1998) (remanding to ALJ to "investigate fully the demands of the applicant's past work and compare them to the applicant's residual mental and physical capabilities"). Any determination regarding a claimant's ability to perform past work "must be developed and explained fully in the disability decision" and "every effort must be made to secure evidence that resolves the issue as clearly and explicitly as circumstances permit." SSR 82-62.

In this case, the ALJ satisfied the first requirement above in that he made sufficiently specific findings of fact regarding Plaintiff's RFC. The ALJ, however, failed to make the requisite findings of fact regarding (1) the physical demands of Plaintiff's past work as a hand packager; and (2) whether Plaintiff's RFC actually permits her to return to her past job as a hand packager as she performed it or as it is performed generally, given his RFC finding that she avoid concentrated exposure to extreme heat. See SSR 82-62.

In support of his conclusion that Plaintiff is capable of performing her past relevant work as a hand packer, the ALJ noted only that information provided by Plaintiff "suggests" that she performed the job consistent with the way it is performed nationally as described in DOT 920.587-018. (AR at 290 (citing to AR Ex. 5-E at 2.) In reaching this determination, he relied on a Work History Report prepared by the person in the Administration who initially interviewed Plaintiff regarding her claims. (See AR at 102-03.) Plaintiff reported to the interviewer that her job description included (I) packing perfumes and soaps into boxes for shipping via an assembly belt process; (ii) assembling the boxes used for shipping; (iii) carrying the filled boxes to a pallet; and (iv) putting nozzles into sprinklers. (Id. at 102.) In response to a series of questions, she indicated that each day she walked for eight hours, stood for eight hours, did not sit, climb, kneel, crawl, or handle big objects, stooped for eight hours, crouched for eight hours, reached for eight hours, and handled small objects for eight hours. (Id. at 103.) She noted that she sometimes lifted boxes up to forty pounds, frequently lifted boxes up to twenty pounds, and had to lift and carry the boxes approximately six feet from the work area to the pallet. (Id.) There was no question asked regarding the environmental conditions of Plaintiff's job. (Id. at 102-03.)

The Court searched in the record for any description regarding the level of environmental heat or cold to which Plaintiff was exposed in her past relevant work as a packager. As noted, the report relied on by the ALJ included information about various demands of Plaintiff's work as a hand packer, but there was no reference regarding prolonged exposure to heat on the job. (Id. at 102-03.) Plaintiff also testified at the hearing and did not mention heat or cold as a factor in her past work. (AR at 592-93, 601.) In fact, there was no discussion at the hearing about Plaintiff's past relevant work. (See AR at 579-606.) The ALJ

was required to develop an adequate record on Plaintiff's past relevant work and the demands of her past relevant work regarding exposure to heat and failed to do so. See Villa, 797 F.2d at 797.

Because the ALJ relied on the DOT's definition of hand packager to determine that Plaintiff was able to perform that job as it was generally performed and as she performed it, yet failed to develop the record regarding the environmental conditions of Plaintiff's past work as she performed it, or to reconcile the environmental limitation with the job as generally performed, there is an ambiguity in the record makes it difficult for this Court to review and affirm his decision. Thus, the Court finds that there is a "gap in [the ALJ's reasoning that must be filled on remand." See Villa, 797 F.2d at 799 (internal quotation marks omitted).

Accordingly, this Court finds the case should be remanded to the Commissioner for further clarification on this issue.

**C.    The ALJ Properly Considered the Severity of Plaintiff's Mental Impairment.**

Plaintiff contends the ALJ failed to properly consider the 2004 opinion of consultative examining psychiatrist, Linda M. Smith, M.D., that Plaintiff is mildly impaired in many of her mental abilities. (JS at 7.) She contends that the many mild limitations recognized by Dr. Smith resulted in a more than minimal effect on Plaintiff's ability to do basic work activities. (Id. at 8.) This Court does not agree.

Although in a prior decision the ALJ found Plaintiff's mental impairment severe, he changed his finding from his earlier decision after reviewing the relevant evidence. (AR at 285-86; see also id. at 16-17, 299.) Here, he found that Plaintiff's functional limitations were no more than "slight." (Id. at 285.) He cited treating, examining, and non-examining medical source evidence in support

8

of this finding, including a 2007 report by consulting psychiatrist, Dr. Smith. (Id.) Dr. Smith's more recent examination found less impairment than her prior examination and report, and noted Plaintiff's lack of treatment since 2003. (Id. at 285, 453.) Based on the foregoing, the Court finds that the ALJ's finding was supported by substantial evidence.

**D.      The Consultative Examiner's Opinion.**

Plaintiff contends that the ALJ failed to properly consider the opinion of Dr. Kimberly R. Clements, who conducted a June 28, 2006, internal medicine evaluation of Plaintiff. (AR at 262.) Dr. Clements found only mild limitations and opined that Plaintiff may have some communicative limitations because of her memory problems and work place limitations relating to those limitations. (Id.)

With respect to Dr. Clement's evaluation, the ALJ stated:

> I have also given weight to the opinion of Kimberly R. Clements, M.D., board certified in internal medicine, who evaluated the claimant on June 28, 2006 at the request of the Department of Social Services. The claimant told Dr. Clements she had been diagnosed with diabetes and hypertension and had also been increasingly forgetful. She also related having asthma, poor vision, and difficulty controlling her bladder. On examination, the claimant was observed to be well-developed, well-nourished, and in no acute distress. She showed no ataxia or dyspnea and was able to get on and off the examination table without difficulty. The claimant's vision was 20/25 in both eyes without glasses and she was visually able to move about the office without any help. Her breath sounds were symmetric, there were no rhonchi or rales, and her expiratory phase was within normal limits. Examination of her abdomen was positive for bowel sounds, it was soft,

  non-tender, without hepatosplenomegaly or masses, and with no evidence of rebound or guarding. The claimant did have some discomfort in her lower back and tenderness in the paraspinal areas in the lumbar region bilaterally, but maintained full range of motion. Examination of her extremities and joints revealed no abnormalities and full range of motion. Her pulses were 2+ bilaterally. Neurologically, the claimant's motor tone was good bilaterally with good active motion and 5/5 strength in all extremities. Her sensation was intact to light touch, pinprick, vibration, and position. Her reflexes were normal and her gait was normal. Dr. Clements concluded the claimant had several chronic conditions, but was able to follow instructions and was physically capable of performing work within the limitations set forth above (Exhibit 8-F). I give weight to her assessment as it is well-supported by objective findings and generally consistent with the medical evidence of record.

(AR at 287.)

  Plaintiff contends that although the ALJ extensively discussed Dr. Clement's findings and afforded them considerable weight, he failed to mention Dr. Clements' opinion regarding Plaintiff's mild difficulty communicating because of her memory and work place limitations that may be related to that difficulty. (JS at 11.)

  Because the ALJ's error in failing to make the requisite factual findings regarding Plaintiff's past relevant work constitutes sufficient reason to remand the case, depending on the outcome of the remand proceedings, the ALJ will have an opportunity to address this again and should consider this issue when determining the merits of Plaintiff's case on remand.

**E.** **This Case Should Be Remanded for Further Administrative**

**Proceedings.**

The law is well established that remand for further proceedings is appropriate where additional proceedings could remedy defects in the Commissioner's decision.  Kail v. Heckler, 722 F.2d 1496, 1497 (9th Cir. 1984). Remand for payment of benefits is appropriate where no useful purpose would be served by further administrative proceedings, Kornock v. Harris, 648 F.2d 525, 527 (9th Cir. 1980); where the record has been fully developed, Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986); or where remand would unnecessarily delay the receipt of benefits.  Bilby v. Schweiker, 762 F.2d 716, 719 (9th Cir. 1985).  Here, the Court concludes that further administrative proceedings would serve a useful purpose and remedy the administrative defects discussed herein.

### IV.

### ORDER

Pursuant to sentence four of 42 U.S.C. § 405(g), IT IS HEREBY ORDERED THAT Judgment be entered reversing the decision of the Commissioner of Social Security and remanding this matter for further administrative proceedings consistent with this Memorandum Opinion.

Dated: September 29, 2009

HONORABLE OSWALD PARADA
United States Magistrate Judge